**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **WILLIAM MALONE,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **vs.** | **)** | **Case No. 3:16-cv-0972-SMY** |
| | **)** | |
| **DR. SHAH,** | **)** | |
| **CHRISTINE BROWN,** | **)** | |
| **STACY BROWN,** | **)** | |
| **ANGEL RECTOR,** | **)** | |
| **MARSH HILL, and** | **)** | |
| **NURSE LAURA,** | **)** | |
| | **)** | |
| **Defendants.** | **)** | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff William Malone is currently incarcerated at the Pinckneyville Correctional Center in Pinckneyville, Illinois. (Doc. 2 at 1.) Proceeding *pro se*, Malone previously filed a Complaint under 42 U.S.C. § 1983, alleging that separate groups of prison officials violated his constitutional rights in several disparate ways during his time at Pinckneyville. (*Id.* at 13-14.) Malone's original Complaint was severed into nine cases. (Doc. 1 at 14-18.) The instant case concerns whether Defendants Shah, Christine Brown, Stacy Brown, Rector, Hill and Laura were deliberately indifferent to Malone's medical conditions in 2014 and 2015. (*Id.* at 15.) Malone appears to seek money damages.

This matter is now before the Court for a review of Malone's Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During the § 1915A review, the court "shall identify cognizable claims or dismiss the

complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim" or if it "seeks monetary relief from a defendant who is immune."

**Background**

Although Malone's Complaint spans ninety pages with exhibits, the narrative consists of only two handwritten pages. (Doc. 2 at 13-14.) In those two pages, Malone lists a number of dates and then next to those dates includes a brief sentence or two describing the violation that occurred. (*Id.*) In connection with that list, Malone has named more than fifty defendants, but there are only ten sentences that relate to the six medical defendants to which the instant case applies. (*Id.*) As it relates to those defendants, Malone alleges that Christine Brown and Nurse Rector refused him his "medication refill" on January 14, 2014; that Dr. Shah, Nurse Rector and Nurse Hill refused him his "meds" on January 16, 2014; that Dr. Shah refused him a refill of his "chronic medication" on April 14, 2014; that Nurse Rector refused him a refill of his "chronic medication" on May 28, 2014; that Christine Brown and Dr. Shah refused him his "chronic medication" on August 1, 2014; that Nurse Hill refused to refill his "chronic meds" without paying a co-pay on October 4, 2014; that unspecified administrative staff refused to repair his broken tooth on December 1, 2014; that Dr. Shah, Christine Brown and Stacy Brown "refused emergency" on February 1, 2015; that Dr. Shah, Nurse Rector and Nurse Hill refused "chronic med" on April 11, 2015; and that Dr. Shah and Nurse Laura refused "emergency service" on July 14, 2015. (*Id.*)

Malone filed seventy-five pages of exhibits with his Complaint. (*See* Doc. 2.) While some of those exhibits might relate to Malone's medical claims, the Court is unable to easily make that determination at this juncture as Malone has not included any narrative detail about those exhibits or referenced them in the statement of claim section of his Complaint.

## Discussion

Malone's severed Complaint relates entirely to the medical care he was given by medical officials at Pinckneyville. For a prisoner to bring a constitutional claim concerning medical care, he has two hurdles to clear: he must first show that his medical condition is "objectively" serious, and he must then allege that the named defendants were deliberately indifferent to that condition. *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 765 (7th Cir. 2002). For screening purposes, Malone has not satisfied either requirement.

The vast majority of Malone's allegations concern staff decisions to refuse his "chronic medications" or "emergency service," but he does not offer any allegations concerning what medical problem or problems he has that justify medical assistance. Without facts to suggest that his medications or his emergencies concerned a serious medical condition, he cannot state a claim under the Eighth Amendment.

More fundamentally, Malone has offered no real narrative as to what he told the named medical defendants about his needs and how they reacted to his requests. As such, the Complaint does not include sufficient facts to suggest deliberate indifference on the part of the named defendants. For example, as it concerns Malone's request for dental care, Malone does not specify the "admin" staff that refused him care either by name or by Doe designation, nor does he include any detail concerning the exchange he had with those staff members concerning his tooth. At the end of the day, Malone has not pled sufficient facts to state medical claims that are plausible on their face or to give the named defendants notice of the contours of his deliberate indifference claims. Thus, his Complaint as to the medical defendants must be dismissed. *See Whitfield v. O'Connell*, 402 F. App'x 563, 566 (2d Cir. 2010); *Gee v. Pacheco*,

627 F.3d 1178, 1192 (10th Cir. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The question remains whether Malone's Complaint should be dismissed with prejudice and his case closed or dismissed without prejudice and he should be given an opportunity to file an amended complaint. In both prisoner and non-prisoner matters, the Court typically allows a defendant at least one opportunity to submit an amended complaint that might cure the problems with the original complaint, especially if the original complaint is dismissed on pleading deficiencies. *See Childress v. Walker*, 787 F.3d 433, 441-42 (7th Cir. 2015). The Court believes that allowing an amendment is the right path in this case. Accordingly, Malone will have twenty-eight days from the date of this Order to submit a First Amended Complaint that fleshes out his medical deliberate indifference claims against the named parties.

One closing note is in order concerning an omnibus motion that Malone filed shortly after this case was severed away from his original Complaint. On September 8, 2016, Malone filed a motion for "relief from multiple violations," stating that he was being retaliated against for filing suit by Nurse Hill and other officials, that he is being denied access to the law library and that he needs an extension of time to meet the Court's orders. (Doc. 5.) He asked the Court to direct law library access, to give him an unspecified extension of time and to issue an order putting the prison administration on notice that the Court is aware of retaliation allegations. At this point, Malone's motion will be denied in its entirety.

As it concerns his references to retaliation, Malone does not ask the Court for preliminary injunctive relief concerning Nurse Hill's conduct, but instead seeks an order advising Pinckneyville officials that the Court is "aware" of retaliation allegations. An advisory "awareness" declaration is not the type of relief this Court can provide. As to Malone's request

for an extension of time or for access to the law library, there was no pending deadline at the time the motion was submitted and there is no need for Malone to conduct legal research to file his First Amended Complaint. Therefore, those requests are denied as well.

Malone has also asked the Court to appoint counsel to assist him with this case. (Doc. 5.) The Court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant, but counsel is only proper when the "difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013). This case is not so difficult as to necessitate counsel, especially at this early juncture. *See Westbrook v. Boy Scouts of America*, 560 F. App'x 574, 577-78 (7th Cir. 2014); *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010). All that is required at this stage is for Malone to put forth a factual narrative beyond a summary of grievances as to the involvement of Dr. Shah, Christine Brown, Stacy Brown, Angel Rector, Marsh Hill and Nurse Laura in his care. The Court is of the view that Malone is able to accomplish that task with minimal effort. The motion must be denied for now. Malone is free to submit another motion for counsel at a later point in the case, should he choose to do so.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Plaintiff's Complaint (Doc. 2) is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that, should Plaintiff wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 28 days of the entry of this order (on or before December 15, 2016). It is strongly recommended that Plaintiff use the form designed for use in this Court for civil rights actions. Plaintiff should label the pleading "First Amended Complaint," and he should include Case Number 16-cv-0972-SMY. The First Amended

Complaint should articulate Malone's serious medical conditions and lay out, in a straightforward, chronological narrative, how each of the named defendants in this severed proceeding were deliberately indifferent to those serious medical conditions.

An amended complaint supersedes and replaces all previous complaints, rendering previous complaints void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with his First Amended Complaint. Failure to file a First Amended Complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g). No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his First Amended Complaint, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS FURTHER ORDERED** that Plaintiff's motion for relief from violations, which includes his motion for appointment of counsel (Doc. 5), is **DENIED**.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 17, 2016**

**s/ STACI M. YANDLE**
**STACI M. YANDLE**
**United States District Judge**