IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM A MALONE,
#B52858,

        Plaintiff,

vs.                              Case No. 16-cv-00972-SMY

DR. SHAH,
CHRISTINE BROWN,
STACY BROWN,
ANGEL RECTOR,
MARSH HILL, and
LAURA,

        Defendants.

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

    Plaintiff William Malone is currently incarcerated at the Pinckneyville Correctional Center in Pinckneyville, Illinois. (Doc. 2 at 1). Proceeding *pro se*, Plaintiff previously filed a Complaint under 42 U.S.C. § 1983, alleging that separate groups of prison officials violated his constitutional rights in several disparate ways during his time at Pinckneyville. *Id.* at 13-14. Plaintiff's original Complaint was severed into nine cases. (Doc. 1 at 14-18). The instant case concerns whether Defendants were deliberately indifferent to Plaintiff's medical conditions in 2014 and 2015. *Id.* at 15. Plaintiff appears to seek money damages.

    Plaintiff's claim in the instant case did not survive preliminary review under 28 U.S.C. § 1915A, and this Court dismissed it without prejudice on November 17, 2016. (Doc. 7). Plaintiff was granted leave to file a First Amended Complaint on or before December 15, 2016. *Id.* Plaintiff was warned that failure to file a First Amended Complaint would result in dismissal of the action with prejudice and the assessment of a strike. *Id.* at 6.

The deadline for filing the amended complaint has now passed. Plaintiff did not file a First Amended Complaint. He also did not request an extension of the deadline for doing so. The Court will not allow this matter to linger indefinitely.

Accordingly, the action is hereby **DISMISSED with prejudice**, based on Plaintiff's failure to comply with this Court's Order (Doc. 7). *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, this dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed

no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: December 30, 2016**

<u>**s/ STACI M. YANDLE**</u>
**STACI M. YANDLE**
**United States District Judge**